

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 109 | **DATE** | 10/28/2002 |
| **CASE TITLE** | UNITED STATES OF AMERICA vs. TYRONE FRANCIES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Tyrone Francies' motion to vacate, set aside, or correct his sentence under Title 28, United States Code, Section 2255 is denied.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | OCT 29 2002 | |
| | Notified counsel by telephone. | | date docketed | 8 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | | |
| EF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
OCT 2 9 2002

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Respondent, ) | |
| ) | No. 01 C 0109 |
| vs. ) | |
| ) | HONORABLE CHARLES R. NORGLE |
| TYRONE FRANCIES, ) | |
| ) | |
| Movant. ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the Court is Tyrone Francies' motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the following reasons, the motion is denied.

### I. BACKGROUND

Francies is a former Chicago Police Officer. While he was a member of the Police Department, Francies and his Co-Defendants concocted and carried out a scheme of tracking down drug dealers and robbing them of money and drugs, rather than arresting them. Francies was indicted on numerous charges arising out of this criminal enterprise, including violations of the Hobbs Act, 18 U.S.C. § 1951, charges relating to the use of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c), and possession of drugs with intent to deliver.

After a lengthy trial, a jury convicted Francies and his Co-Defendants. Francies appealed his conviction, arguing: (1) joinder of all Co-Defendants was improper; (2) there was insufficient evidence to convict; (3) jury instructions concerning § 924(c) were erroneous; (4) the application of multiple § 924(c) convictions was erroneous; and (5) the court made erroneous evidentiary rulings concerning the testimony of a Government witness and improperly limited impeachment and cross-



examination of the same witness. The Seventh Circuit rejected Francies' arguments and affirmed the conviction in all respects. See United States v. Meachum, 182 F.3d 923 (7th Cir. 1999) (table order, text available on Westlaw at 1999 WL 511431 (7th Cir. July 15, 1999)).

Francies now seeks § 2255 relief, raising numerous issues that overlap each other. The court consolidates and interprets Francies' arguments as: (1) insufficient evidence; (2) improper commentary on Francies' silence at trial; (3) erroneous use of video tape evidence; (4) the § 924(c) convictions violate the fifth amendment protection against double jeopardy; (5) violation of the sixth amendment right to confront witnesses; (6) erroneous denial of severance; (7) ineffective assistance of counsel; (8) biased trial judge; and (9) miscellaneous other issues. The Government argues, and the court agrees, that all of these claims are either procedurally defaulted or without merit.

## II. DISCUSSION

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct his sentence. The relief is available only in limited circumstances, such as where an error is jurisdictional or of Constitutional magnitude. The statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 ¶ 1. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2.

Section 2255 motions are subject to various bars, including that of procedural default. A § 2255 proceeding is "'neither a recapitulation of nor a substitute for a direct appeal.'" McCleese v. United States, 75 F.3d 1174, 1177 (7th Cir. 1996) (quoting Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992), overruled on other grounds, Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994)); compare Reeves v. United States, 255 F.3d 389, 391-94 (7th Cir. 2001) (reviewing a § 2255 motion where the petitioner voluntarily dismissed his direct appeal). Thus, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) nonconstitutional issues that could have been raised on direct appeal, but were not; and (3) constitutional issues that were not raised on direct appeal. Belford, 975 F.2d at 313.

There are two exceptions to the procedural default rule: (1) if the movant demonstrates cause for failing to raise the issue and actual prejudice resulting therefrom; or (2) the court's refusal to consider the constitutional issue would result in a fundamental miscarriage of justice, which requires a showing of actual innocence. See Belford, 975 F.2d at 313 (collecting authority); see also McCleese, 75 F.3d at 1177-78 (discussing fundamental miscarriage of justice). With these principles in mind, the court examines Francies' motion.

1. **Insufficient evidence:**

Francies alleges two different claims based on insufficient evidence. First, Francies asserts that there was little or no evidence of his guilt. Instead, Francies claims that he was convicted because of his association with the Co-Defendants. Francies denies his involvement with the crimes, and asserts that all of the criminal activity was performed by the Co-Defendants. The Seventh Circuit considered and rejected this argument on direct appeal. See United States v. Meachum, 1999 WL 511431, at **1. Indeed, the Seventh Circuit commented more than once that the evidence of

3

guilt as to all Defendants was overwhelming. See id. at **1, **6. Francies presents no changed circumstances to justify revisiting the sufficiency of the evidence of Francies' crimes. See McCleese, 75 F.3d at 1177-78; Belford, 975 F.2d at 313.

Second, Francies claims that there was insufficient evidence of a connection with interstate commerce to support his Hobbs Act convictions. The Seventh Circuit rejected this argument, holding that there was ample evidence of a connection between the robberies and interstate commerce to uphold the conviction. See United States v. Meachum, 1999 WL 511431, at **1; see also United States v. Merrero, 299 F.3d 653, 654-56 (7th Cir. 2002) (discussing the jurisdictional aspects of the Hobbs Act); United States v. Bailey, 227 F.3d 792, 797-99 (7th Cir. 2000) (same). Section 2255 relief is foreclosed because this issue was decided on direct appeal and there is no showing of any changed circumstance.

### 2. Fifth amendment right to remain silent:

Francies argues that the Government improperly commented on his silence at trial. During closing argument, the prosecutor made the following statement about the testimony of Co-Defendant Baxter Streets:

> Ladies and gentlemen, I want to spend a little bit of time talking about the argument made on behalf of Baxter Streets. Before I do that, I just want to note that you did not hear one of the Defense attorneys talk about the testimony of Baxter Streets, and from that you can infer that he.....what he said on the stand was a lie and he was covering up for his buddies."

(See R. 1, pg. 7, marked 1/5 addendum.) Francies did not raise this argument on direct appeal, so it is barred unless he can demonstrate cause and prejudice or a fundamental miscarriage of justice. See McCleese, 75 F.3d at 1177-78; Belford, 975 F.2d at 313. Francies does neither, so the claim is defaulted.

4

Moreover, the argument is patently without merit. The fifth amendment guarantees a criminal defendant's privilege to remain silent at trial. U.S. Const. amend V. The Government cannot directly comment about a defendant's decision not to testify. See United States v. Aldaco, 201 F.3d 979, 987 (7th Cir. 2000). Nor can the Government indirectly comment about a defendant's silence at trial, particularly when the Government's comment is "of such a character that the jury could only interpret it to be a comment on the defendant' silence." United States v. Benitez, 92 F.3d 528, 535 (7th Cir. 1996); see also United States v. Alanis, 265 F.3d 576, 586 (7th Cir. 2001); United States v. Aldaco, 201 F.3d at 987. If the court finds that the government's comment was proper, and there was no prosecutorial misconduct, the analysis ends. See United States v. Benitez, 92 F.3d at 535. But, if there is evidence of misconduct, then the court analyzes the commentary in light of the full record to determine if the defendant was deprived of a fair trial. Id.

Here, there is no evidence of prosecutorial misconduct. The prosecutor was commenting about Streets' testimony, and argued to the jury that it could infer Streets' guilt and the guilt of Co-Defendants from Streets' perjury. The Government did not improperly comment on Francies' silence, nor did the Government attempt to shift the burden of proof to Francies. This claim is without merit.

### 3. Video tape evidence:

Francies asserts that he was prejudiced when the Government played a video tape to impeach Streets' testimony. The tape was not introduced into evidence, but was used to rebut Streets' testimony that he, Streets, did not associate with people who used drugs. The video tape showed Francies and Streets watching a woman, who appeared to be under the influence of drugs, engage in sexual acts. Francies now claims that the tape unfairly prejudiced him.

5

Francies did not raise this argument on direct appeal, so it procedurally defaulted, and he makes no effort to demonstrate cause and prejudice or a fundamental miscarriage of justice. See McCleese, 75 F.3d at 1177-78; Belford, 975 F.2d at 313. Even if the issue were not defaulted, it is without merit. Evidentiary issues are rarely a basis for § 2255 relief, and Francies fails to demonstrate that the tape violated his constitutional rights.

### 4. Double jeopardy:

Francies next argues that his multiple convictions under 18 U.S.C. § 924(c) violate his fifth amendment protections against double jeopardy. The double jeopardy clause of the Fifth Amendment provides that no person shall "be subject for the same offence to be twice put in jeopardy. . . ." U.S. Const. amend. V. "At its root, the Double Jeopardy Clause forbids the duplicative prosecution of a defendant for the 'same offence.'" United States v. Felix, 503 U.S. 378, 386 (1992) (citations omitted). Section 924(c) makes it an offense to use a firearm during the commission of another, predicate, offense. Francies asserts that he was convicted of two § 924(c) counts based on the same predicate offense, in violation of his double jeopardy rights. The argument is without merit

The indictment plainly stated that both § 924(c) counts were based on separate crimes. Count VI charged Francies with a § 924(c) violation. The predicate offense for Count VI was Count III, which charged Francies with an attempted armed robbery and civil rights violation that occurred on November 15, 1996. Count VII charged Francies with a second § 924(c) violation, and had as its predicate offense an attempted armed robbery that occurred on December 4, 1996, as charged in Count IV. Thus, contrary to Francies' argument, each of his § 924(c) convictions had a separate and distinct predicate offense. There is no double jeopardy violation.

### 5. Right to confront witnesses:

Francies' next argument is that he was deprived of his sixth amendment right to confront the witnesses against him. This claim is based on the cross-examinations of Jamie Wright and Garry Brown, on which the court placed limits. Francies raised this argument on direct appeal, where it was rejected by the Seventh Circuit. See United States v. Meachum, 1999 WL 511431, at **3-6. Francies fails to demonstrate that there are any changed circumstances that warrant this court to re-examine the issue. See Belford, 975 F.2d at 313.

Moreover, the issue is without merit. As the Seventh Circuit held, counsel for all Defendants had ample opportunity to cross-examine all witnesses. Francies' counsel repeatedly went into improper and/or repetitive lines of cross-examination. See United States v. Meachum, 1999 WL 511431, at **3-6. The court was well within its discretion to put limits on counsel to ask proper questions. Id.

### 6. Severance:

Francies claims that he should have been tried separately from his Co-Defendants. This issue was rejected on direct appeal, United States v. Meachum, 1999 WL 511431, at **1, and in the absence of changed circumstances, is not proper for § 2255 relief. See Belford, 975 F.2d at 313.

And, like all of Francies' other arguments, the issue is without merit. Francies insists that he was found guilty solely because of his association with Co-Defendants. Severance under Federal Rule of Criminal Procedure 14 is left to the sound discretion of the district court. See Zafiro v. United States, 506 U.S. 534, 541 (1993). Severance is necessary only if there is a serious risk that a joint trial would compromise one of the defendant's specific trial rights, or if the jury would be unable to make a reliable judgment of guilt or innocence. See United States v. Hanhardt, 151 F.

7

Supp. 2d 971, 973-74 (N.D. Ill. 2001) (chambers opinion). Finger pointing among Co-Defendants is not a sufficient basis on which to grant severance. See id. at 974-75. Francies fails to demonstrate that the denial of his severance motion compromised one of his specific trial rights, or that the jury was unable to make a reliable judgment of his guilt. Instead, the jury heard and saw overwhelming evidence of Francies' guilt, and convicted him. This claim has no merit.

### 7. Ineffective assistance of counsel:

Next, Francies puts forth two claims of ineffective assistance of counsel: (1) counsel persuaded Francies not to testify; and (2) counsel was compensated by the Government. The court addresses each claim in turn.

Francies' first ineffective assistance claim is governed by the familiar standards of Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). Francies must demonstrate that counsel's performance was deficient, meaning it fell below objective standards for reasonably effective representation. See id. at 687-88. The court reviews counsel's performance deferentially, particularly counsel's choice of strategies. See Drake v. Clark, 14 F.3d 351, 355-57 (7th Cir. 1994). A habeas petitioner bears a heavy burden in demonstrating that counsel's performance was deficient to the point of offending the constitution. See id.; see also Brown v. Sternes, – F.3d –, No. 01-2326, 2002 WL 2014644, at *12-20 (7th Cir. Sept. 4, 2002) (granting habeas relief due to ineffectiveness assistance of counsel). Strickland also requires a showing of prejudice. See Strickland, 466 U.S. at 694. Francies must also show that, but for the deficient performance, there is a reasonable probability that the result of the proceedings would have been different. See Strickland, 466 U.S. at 694. A reasonable probability of a different result will be found if the court's confidence in the

outcome is undermined by evidence of deficient attorney performance. See Brown, 2002 WL 2014644, at *12; Morris v. United States, 264 F.3d 726, 727 (7th Cir. 2001).

Francies argues that if he had testified, he would have said that he had no knowledge of the conspiracy, robberies, Co-Defendant Meeks, or any criminal histories of his other Co-Defendants. Francies' argument fails to demonstrate that counsel's advice fell below objective standards for reasonable representation. This kind of hindsight based attack is rarely successful. See Drake, 14 F.3d at 355-57. In a case like this, where Francies admits that counsel handled all of the proceedings in an apparent thorough manner (see R. 1, pg. 12), the claim cannot succeed. And as the Seventh Circuit noted throughout its opinion, the evidence against all Defendants was overwhelming. It is unlikely that Francies' blanket denial of his involvement would have had any impact on the verdict.

Francies' second claim, attorney conflict of interest, is governed by a somewhat relaxed Strickland analysis. Francies must demonstrate that counsel had a conflict of interest, and that the conflict affected counsel's representation of Francies. See Mickens v. Taylor, 122 S. Ct.1237, 1240-46 (2002) (discussing ineffective assistance claims based on conflict of interest). On its face, Francies' assertion that counsel suffered from a conflict of interest because he was paid with public funds, is meritless. The sixth amendment guarantees that felony defendants have the right to the assistance of counsel at trial, and that if the defendant cannot afford to hire a lawyer, one will be appointed to represent the defendant. See generally Gideon v. Wainwright, 372 U.S. 335 (1963). Criminal defendants also have the right to represent themselves at trial, if they choose to do so. See e.g. McKaskle v. Wiggins, 465 U.S. 168 (1984). Francies was represented by appointed counsel, and concedes that counsel handled all matters in an apparently thorough manner. Nevertheless, Francies now feels that counsel's loyalty was divided because counsel received compensation.

Lawyers do not work for free, and the fact that appointed counsel was paid by the Government does not mean that counsel suffered from a conflict of interest. Francies must present some evidence of an actual conflict of interest, and evidence that the conflict affected counsel's representation. See Mickens, 122 S. Ct. at 1240-46. Francies fails to present evidence of either point.

### 8. Judicial bias:

Francies asserts that the court was prejudiced against him because many unspecified rulings were in favor of the prosecution. Judicial bias can be a basis for habeas relief, see e.g. Bracy v. Gramley, 117 S. Ct. 1793 (1997), en banc appeal after remand, Bracy v. Schomig, 286 F.3d 406 (7th Cir. 2002), but not in this case. Francies defaulted the issue because he did not raise it on direct appeal, and he fails to demonstrate cause and prejudice or a fundamental miscarriage of justice. See McCleese, 75 F.3d at 1177-78; Belford, 975 F.2d at 313. And, again, the issue is without merit. On direct appeal, the Seventh Circuit analyzed numerous rulings of the court and found only one harmless error. United States v. Meachum, 1999 WL 511431, at **6. There is no evidence of judicial bias, and no basis for § 2255 relief.

One point requires additional discussion. Francies argues that during the pre-trial phase, a magistrate judge granted him pre-trial release, and that decision was overturned by the district judge. Those events do nothing to demonstrate judicial bias, and similarly do nothing to demonstrate that Francies' conviction and/or sentence is unconstitutional. See 28 U.S.C. § 2255 ¶ 1.

### 9. Miscellaneous claims:

Francies makes several additional miscellaneous claims, but he did not raise these claims on direct appeal, and presents no changed circumstances, cause and prejudice, or fundamental

10

### III. CONCLUSION

For the foregoing reasons, the court denies Francies' motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, SR., Judge
United States District Court

DATED: 10-24-02